IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>$20,840.00 IN U.S. CURRENCY,<br>Defendant in Rem. | No.  3:22-CV-1320 |

## COMPLAINT FOR FORFEITURE

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this complaint for forfeiture against $20,840.00 in U.S. currency ("the Defendant Property"), stating the following:

### Nature of the Action

1. This is a forfeiture action under 21 U.S.C. § 881(a)(6).  The United States seeks the forfeiture of the Defendant Property, because it is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction is proper under 28 U.S.C. § 1355(b).

3. Venue for this action lies in the Northern District of Texas pursuant to under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because [a] acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and [b] a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## The Parties

4. The Plaintiff is the United States of America.

5. The Defendant Property is the $20,840.00 in U.S. currency seized from Ryan James Lowe ("Lowe") on December 16, 2021. The Defendant Property is currently in the custody and control of the U.S. Department of Justice.

6. Lowe, through attorney Robert O. Jenkins, filed a claim to the Defendant Property with the Drug Enforcement Administration, after receiving written notice of the Defendant Property's seizure and the DEA's intent to seek the Defendant Property's administrative forfeiture.

## The Facts

7. In 2008, Lowe was convicted for Aggravated Robbery with a Deadly Weapon in Dallas County Case Nos. F-0757779 and F0757780 and sentenced to five years in prison. Lowe was represented by court-appointed counsel in this case, based on his indigency. Concerning this case, he was paroled from prison in June 2012 and discharged from parole in October 2012.

8.  In 2017, Lowe was convicted for Felon in Possession of a Firearm in Case No. 3:16-CR-368-D in the Northern District of Texas.  In this case, he was sentenced to 41 months' imprisonment and three years of supervised release following his release from imprisonment.  Lowe was represented by court-appointed counsel in this case, based on his indigency.

9.  In 2018, Lowe was convicted for Terroristic Threat in Dallas County Case No. F1670389 and sentenced to 180 days in jail.  Lowe was represented by court-appointed counsel in this case, based on his indigency.

10. In 2018, Lowe was convicted for Unlawful Possession of a Firearm by a Felon in Dallas County Case No. F1653997 and sentenced to 4 years in prison.  Lowe was represented by court-appointed counsel in this case, based on his indigency.

11. In 2018, Lowe was convicted for Possession of Marijuana in Dallas County Case No. M1660704 and sentenced to 30 days in jail.  Lowe was represented by court-appointed counsel in this case, based on his indigency.

12. Lowe's supervised release term in Case No. 3:16-CR-368-D began in April 2020, and Lowe is currently on supervision by the United States Probation Office.  One condition of his supervision is the following: "You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer."

13. In September 2021, Lowe was driving a Ford Expedition when he was involved in a car accident in a parking lot in Georgia. Lowe did not have permission from the federal court or his probation officer to travel to leave the Northern District of Texas and travel to Georgia.

14. Between September 13, 2021 to March 25, 2022 (approximately 190 days), a domestic bank account maintained by Lowe in his name received over $53,000 in deposits (mostly through ATM cash and Cash App). During the same time period, over $33,000 was withdrawn from the account (mostly ATM withdrawals and Cash App). Lowe is currently unemployed.

15. On December 16, 2021, Lowe traveled to the D/FW Airport after booking an American Airlines flight from the D/FW Airport to San Francisco, California for that day. Lowe was scheduled to return to the D/FW Airport from San Francisco via a return flight 48 hours later. Lowe did not have permission from the federal court or his probation officer to leave the Northern District of Texas and travel to San Francisco.

16. While at the D/FW Airport, Lowe checked two bags as luggage to travel with him to San Francisco on the American Airlines flight to San Francisco. The two bags smelled strongly of marijuana.

17. While Lowe was waiting for his flight to San Francisco, Drug Enforcement Administration ("DEA") Task Force Officers approached him, identified themselves with

their badges, and asked to speak with him about his travels. Lowe agreed to speak with the Task Force Officers.

18. When speaking with the DEA Task Force Officers, Lowe showed them his boarding pass and identification and confirmed San Francisco as his final travel destination that day. When speaking with the DEA Task Force Officers, Lowe confirmed that he had checked two bags into luggage for the flight to San Francisco.

19. When speaking with the DEA Task Force Officers, Lowe told them the purpose of his travel was to visit his girlfriend. When speaking to the DEA Task Force Officers, he told them he planned to stay in Francisco for maybe a week. When speaking to the DEA Task Force Officers, Lowe told them he would find a place to stay in San Francisco when he arrived there.

20. When speaking with the DEA Task Force Officers, Lowe told them that he had packed everything in the bags with which he was travelling and that everything in the bags belonged to him.

21. When speaking with the DEA Task Force Officers, Lowe told them that was not traveling with any drugs or weapons, but that he did have about $7500 with which to shop in San Francisco.

22. When speaking with the DEA Task Force Officers, Lowe told them that there was nothing in the two checked bags and gave his consent for them to be searched.

The DEA Task Force Officers opened and searched the two bags, which were empty except for a single pair of shoes. Both bags smelled strongly of marijuana.

23. When speaking with the DEA Task Force Officers, Lowe gave his consent for the backpack he was carrying to be searched. A DEA Task Force Officer opened and searched the backpack; a couple sets of clothing were inside the backpack.

24. When speaking with the DEA Task Force Officers, Lowe first noted that he didn't know why his bags smelled like marijuana and that he didn't smoke marijuana, but later acknowledged the two bags did strongly smell of marijuana and that his friends must have smoked marijuana around his stuff.

25. When a DEA Task Force Officer asked Lowe if he would empty his pockets of their contents, Lowe consented and removed several items from his pockets, including two cell phones and three rubber-banded bundles of U.S. currency. The currency bundles and the phones smelled of marijuana.

26. When a DEA Task Force Officer asked about the origin of the currency in the bundles, Lowe said that he had obtained some of the currency from a bank, had withdrawn it a little bit at a time, and had inherited the currency when his father died, but could not recall exactly when he had inherited the currency.

27. When asked by a DEA Task Force Officer if he was on probation or parole, Lowe stated he was on state probation. When asked if he was sure he was on state probation, Lowe responded "yes."

28. When asked by a DEA Task Force Officer if he had informed his probation officer of his travel to San Francisco, Lowe responded "no." When asked by a DEA Task Force Officer if Lowe leaving Texas violated his probation rules, Lowe acknowledged that it did. Lowe asked one of the DEA Task Force Officers to not tell his probation officer about the situation and "to keep it between us."

29. The currency Lowe had taken out of his pockets totaled $20,840. When a DEA Task Force Officer asked him how much currency he (Lowe) possessed, Lowe said $7,500. When a DEA Task Force Officer told Lowe it appeared that he (Lowe) had much more than $7,500 in his possession, Lowe responded "oh really, how much I got." When told that one bundle of currency appeared to be $7,500 and again asked how he had in his possession, Lowe said he thought it was $7,500.

30. When a DEA Task Force Officer asked him if he (Lowe) planned to buy marijuana in San Francisco, Lowe looked down and away while stating "no."

31. At the D/FW Airport, a police canine (K-9) certified to detect the odor of narcotics gave a positive alert for the presence of an odor of narcotics on the bundles of currency Lowe had removed from his pockets.

32. The DEA Task Force Officers seized the bundles of currency Lowe had taken from his pockets for forfeiture.

33. Lowe currently owes over $15,000 in child support in Texas and has been in arrears on his Texas child support payments since at least 2017.

## Cause Of Action
## 21 U.S.C. § 881(a)(6)

34.     Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 et seq. are subject to forfeiture.

35.     Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  An attempt or conspiracy to do the same is also prohibited by 21 U.S.C. § 846.

36.     As set forth above, the Defendant Property is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.  The Defendant Property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## Request for Relief

37.     The Defendant Property is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6), so the Plaintiff United States of America requests the following:

a. the Clerk of the Court issue a warrant of arrest *in rem* as to the Defendant Property, to be served on the Defendant Property;

b. notice of this action be provided to all persons known or believed to have an interest in, or right against, the Defendant Property;

c. notice of this forfeiture action be published on an official government website for at least 30 consecutive days;

d. the Court enter a forfeiture judgment against the Defendant Property;

e. upon the issuance of the forfeiture judgment, the United States Marshals Service (or its delegate) be allowed to dispose of the Defendant Property according to law; and

f. the Plaintiff receive its costs of court and all further relief to which it is entitled.

CHAD MEACHAM
UNITED STATES ATTORNEY

*/s/ John J. de la Garza III*
John J. de la Garza III
Assistant United States Attorney
Texas Bar NO. 007964555
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8682; Fax: 214-659-8812
John.delagarza@usdoj.gov
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Special Agent with the Drug Enforcement Administration (DEA). As a Special Agent with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal criminal laws, including seizing and seeking the forfeiture of property connected to those federal crimes.

I have read the contents of the foregoing Complaint for Forfeiture and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this  17   day of June 2022.

_____
Sean Kassouf
Special Agent
Drug Enforcement Administration